The Court, on due consideration of this Case, over-ruled the motion of the petitioner, thereby deciding that there was no error in the judgment. The following points were therefore resolved by the Court in this Case:
1. That the word percussit, (did strike,) is not technical in an Indictment for murder, but that when the blow is made with a dirk, the words, “stab, stick and thrust,” are equivalent thereto.
2. That where there is a positive averment of the stab, &c. with a dirk, it sufficiently appears that the mortal wound was given thereby, under the words, “giving one mortal wound,” &c.
3. That where there has been a trial for murder, and the jury bring in a verdict of guilty, but before the verdict is amended and recorded, one of the jury retires from the rest, without the consent, or knowledge of the Court, or of the Attorney for the Commonwealth, in consequence of which, the final assent of that juror to the verdict as recorded, hath never been given ; but the Court, on the supposition that all had assented to it, discharges the jury ; upon setting aside that verdict, and the exhibition of a new Bill of Indictment against the prisoner, that discharge of the former jury under the circumstances recited, is no bar to a prosecution under the new Indictment.
4. A copy of a judgment of the General Court, upon a question adjourned to it by a Superior Court, attested by the Clerk of the General Court, his attestation, or handwriting being proved, is competent and sufficient evidence before the same Superior Court, to prove what it purports to be.
5. The Court has an undoubted right to correct any error made by the Clerk in the orders of the preceding day.
*121 6. If a jury cannot be formed from the original panel of the venire, nor from the by-standers, in consequence of the exercise of the right of challenge by the prisoner, the Court may award a venire facias, commanding the Sheriff to summon a specified number to attend the Court then in session, out of whom a jury may be formed for the trial of the prisoner, and upon the return of that process, and the attendance of the persons so summoned, the prisoner may be compelled to elect a jury, saving his right of challenge: Such process may be awarded on the report of the Sheriff that there are no other by-standers, nor will the Court at a subsequent time hear proof that there were other qualified by-standers who were not called.
7. In a Case of murder, declarations of the deceased, when made in extremis, and when conscious of his situation, are admissible evidence against the accused, although the witness who deposed to his declarations, was rather of opinion that the deceased thought he would get well, other witnesses having deposed that he was conscious he could not recover.
8. On the question, whether the Court should have passed sentence after 12 o’clock on Saturday night, some of the Judges were inclined to think that the juridical day extended to the dawn of the next morning, but no opinion was given on it, because a majority of the Judges were of opinion that it did not sufficiently appear by the record that it was past midnight : that fact being merely alledged by the prisoner, and it not being admitted by the Court, nor proved to it by evidence.